# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zachary M. White, | No. CV-16-00288-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is *pro se* Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc.1) to which Respondents filed an Answer (Doc. 11). Following a sound analysis, Magistrate Judge John Z. Boyle recommended denial of and dismissal with prejudice of the Petition. (Doc. 27). Petitioner filed timely objections. (Doc. 28). Respondents filed none.

**I.    R&R**

The R & R accurately identifies Petitioner's three grounds for relief: "(1) a violation of the Fifth Amendment right against Double Jeopardy; (2) a violation of the Sixth Amendment right to effective assistance of counsel; and (3) a violation of the Fifth Amendment right to due process of law based on alleged prosecutorial misconduct." (Doc. 27 at 3:19-21) (citation omitted). Two different legal theories comprise the first ground for relief. First, Petitioner "claims that the indictment was multiplicitous in violation of the Double Jeopardy Clause because it charged a single act in two different counts." (*Id.* at 8:20-21) (citation omitted). Second, Petitioner claims that his second

1 trial violated the Fifth Amendment's Double Jeopardy Clause.

In their answer, Respondents took the position that the first part of ground one, and the second and third grounds were procedurally barred. As to the only claim they deemed to be properly exhausted, Petitioner's claim that his second trial violated the Fifth Amendment's Double Jeopardy Clause, Respondents argued that that claim failed on the merits.

The Magistrate Judge carefully and accurately set forth the factual background and trial proceedings, as well as the governing legal principles with respect to procedural default and merits review. (*See* Doc. 27 at 1:20 - 8:17). Applying these principles, the Magistrate Judge concluded as follows. Petitioner's Double Jeopardy claim based upon the "multiplicitous" nature of his indictment was unexhausted and procedurally defaulted because such claim was never "'fairly presented' to the state courts[.]" (*Id*. at 8:20; 8:26-27) (citation omitted)). It is well settled, as the Magistrate Judge correctly wrote, that "[t]he Supreme Court has held that in all cases except those reversed on grounds of insufficient evidence, the Double Jeopardy Clause does not prevent a retrial. (*Id*. at 10:1-3) (*See*, *e.g.*, *Bullington v. Missouri*, 451 U.S. 430, 442 (1981) (when a case is reversed for any reason, but insufficient evidence, "the original conviction has been nullified" and "'the slate wiped clean") (other citation omitted)). Based upon the foregoing, the Magistrate Judge further found no merit to Petitioner's ineffective assistance of counsel ("IAC") claim predicated upon his trial counsel's "fail[ure] to prevent violations against 'double jeopardy' in violation of the Fifth Amendment." (*Id*. at 10:20-21).

As to Petitioner's third ground, alleged prosecutorial misconduct, the Magistrate Judge first found that this claim, too, was "unexhausted and procedurally defaulted because Petitioner raise[d] the claim for the first time" therein. (Doc. 27 at 11:13-14). The Magistrate Judge found this claim to be without merit as well, reasoning that "Petitioner did not demonstrate that any of the statements were improper. Prosecutors and defense lawyers are given 'wide latitude' in closing arguments." (*Id*. at 12:6-9) (citing *United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997)).

Lastly, the Magistrate Judge found that "[t]he record is sufficiently developed" such that "an evidentiary hearing [wa]s [not] necessary[.]." (*Id*. at 12:21-22) (citing *Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011)) (other citation omitted).

For all of these reasons, the Magistrate Judge found that Petitioner was not entitled to habeas corpus relief, and recommended denial of the Petition and dismissal with prejudice. The Magistrate Judge further recommended denial of a "Certificate of Appealability and leave to proceed *in forma pauperis* on appeal. . . because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right." (Doc. 27 at 13:7-11).

## II. Petitioner's Objections

Petitioner's objections are scant, to say the least. In part one, which Plaintiff evidently believes is directed to his IAC claim, Plaintiff states that "[a]ll" four of the attorneys identified therein "informed [him] that 'indictment was fine.'" (Doc. 28 at 1). Based upon this unsupported statement, Petitioner contends that "[t]he burden to prove [IAC] has been established." (*Id*.) (citations omitted). As will be seen, part two of Petitioner's objections, entitled "Procedural Bar[,] is confusing. *Id*. (emphasis omitted). Suffice it to say for now that Petitioner vaguely states that "failure to review the claim will result in the fundamental miscarriage of justice." *Id*. Continuing, Plaintiff contends that "procedural default w[ill] be excused even in the absence of cause when a constitutional violation has probably resulted in the conviction." *Id*. In conclusion, Petitioner baldly asserts that he should be granted an evidentiary hearing "given the epic constitution[al] violations" to which allegedly he has been subjected. *Id*..

## III. Standard of Review

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); see also Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same).

Further, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989) (emphasis added); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R, [*Reyna–Tapia*,] 328 F.3d [at] 1121. . . ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct")[.]"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings [,]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)), as Magistrate Judge Boyle advised the parties herein. (Doc. 27 at 13:22-14:1) (citation omitted).

### IV. Discussion

Petitioner did not object at all to the R&R's background section or its recitation of the governing legal principles. Thus, consistent with 28 U.S.C. § 636(b)(1)(C), and the case law construing it, the Court will not review that section.

Apparently Petitioner is asserting IACs against four of his attorneys due to the purportedly multiplicitous indictment. However, as the Magistrate Judge accurately stated and went on to analyze, the only IAC claim which Petitioner asserted was a violation of the Sixth Amendment based upon "trial counsel['s] fail[ure] to prevent violations against 'double jeopardy' in violation of the Fifth Amendment." (*See* Doc. 27 at 10: 19-21). This is a separate and distinct issue from the IAC which Petitioner now is asserting for the first time in his objections to the R & R. Given that this particular IAC, based upon an allegedly multiplicitous indictment is not one of the grounds which the Petition raises, understandably the Magistrate Judge did not address it. Obviously then this issue is not subject to review by this Court.

Petitioner's "procedural bar" objection is, likewise, without merit. Petitioner objects to "Ground III," at page 10, line 13 of the R & R. Doc. 28 at 2. This objection is perplexing because the R & R did not begin to address ground three (alleged prosecutorial misconduct) until page 10, line 27. Page 10, line 13, corresponds to the highlighted language in the following sentence. "[T]he Arizona Court of Court of Appeals correctly applied established federal law by rejecting Petitioner's reliance on *State v. Aguilar*, 217 Ariz. 235 (App. 2007)[,] for the unsupported assertion that the trial court committed a structural error that bars retrial." (Doc. 27 at 10:12-15) (citation omitted) (emphasis added). However, this sentence is in the section of the R & R addressing ground one(b), that is, the second trial was barred by the Fifth Amendment's Double Jeopardy Clause. The Court does not read Petitioner's objections as objection to the Magistrate Judge's findings as to ground one(b). To the extent that Petitioner's objections could conceivably be read in that way, which is a stretch, there is no merit to such objections. The Magistrate Judge thoroughly addressed and soundly recommended denial of this ground on the merits. (*See* Doc. 27 at 9:8-10-17).

Insofar as Petitioner is objecting to the findings as to ground three (prosecutorial misconduct), he fares no better. Petitioner seems to be suggesting that the Magistrate Judge did not consider that claim on the merits, but he did. (*See* Doc. 27 at 12:1-19). Moreover, Petitioner simply recites that "failure to review the claim will result in a fundamental miscarriage of justice." (Doc. 28 at 2). Petitioner did not and has not come forth with the type of evidence which is required to satisfy "'[t]o qualify for the 'fundamental miscarriage of justice' exception to the procedural default rule[,]'" (Doc. 27 at 7:3-4) (quoting *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (other citation omitted)), as the R & R details. (*See id*. at 7:4-13). Thus, there is no basis for Petitioner's objections to the R & R as it pertains to his third ground for relief.

Lastly, Petitioner's unsubstantiated "belie[f]" of "epic constitution[al] violations[,]" particularly in the face of the Magistrate Judge's complete and even-handed consideration of each of Petitioner's grounds for relief, does not warrant an evidentiary

- 5 -

hearing, as Petitioner urges. (*See* Doc. 28 at 2).

V. **Conclusion**

Having found no merit to Petitioner's objections to the R & R,

**IT IS ORDERED** that Magistrate Judge Boyle's Report and Recommendation (Doc. 27) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the Petitioner is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

**Dated** this 23rd day of May, 2017.

Honorable Diane J. Humetewa
United States District Judge